DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB 15 2018

RICK WARREN
COURT CLERK

43 _____

BERT BERLANGER, in his capacity as )
Receiver for SWINGLE ENTERPRISES, LLC, )
d/b/a LAKEHURST APARTMENTS, an )
Oklahoma limited liability company, )
                                     )
       Plaintiff, )
                                     )
v.                                )
                                     )
PELEUS INSURANCE COMPANY, a foreign )
insurance company, )
                                     )
       Defendant. )

Case No. CJ-2018-938

## PETITION

Bert Berlanger, in his capacity as Receiver for Swingle Enterprises, LLC, d/b/a Lakehurst Apartments, hereby alleges and states the following:

### Parties, Jurisdiction, and Venue

1. At all times material to this lawsuit, Swingle Enterprises, LLC, ("SELLC") was an Oklahoma limited liability company who owned and operated Lakehurst Apartments, an apartment complex located on Hemingford Court (near the intersection of North May Avenue and NW Wilshire Boulevard) in Oklahoma City, Oklahoma. Bert Berlanger is a Receiver for SELLC appointed by the District Court of Oklahoma County in Case No. CJ-2016-856.

2. Upon information and belief, Peleus Insurance Company is a foreign surplus lines insurance company regularly engaged in the business of insurance in Oklahoma, operating for the purpose of accumulating monetary profit by providing insurance

1

EXHIBIT 4

products to insureds situate in Oklahoma. To the best of the Plaintiff's knowledge and belief, Peleus's principal place of business is in the State of Virginia with an address of 8720 Stony Point Parkway, Suite 400, Richmond, VA 23235.

3. This lawsuit relates to a Policy of insurance sold by Peleus to SELLC covering Lakehurst Apartments.

4. For the foregoing reasons, jurisdiction and venue are appropriate in this Court.

### Factual Background

5. On April 1, 2016, Peleus entered into an insurance contract (the "Policy") with SELLC providing insurance coverage to SELLC for the Lakehurst Apartments located at 7908 Hemingford Court, Oklahoma City, Oklahoma 73120. The Policy Number was P723-1426870316-01-S3-12100. The Policy was effective for a term between April 1, 2016 through May 1, 2016. In exchange for the provision of insurance services, Peleus accepted and SELLC paid money in the form of the premium charged for said insurance.

6. On April 26, 2016, severe weather affected the Oklahoma City area that produced all modes of severe weather, including floods, hail, high winds, and tornadoes. Will Rogers World Airport, an official recording station for the National Weather Service in Oklahoma City, recorded a wind gust of 91 miles per hour on the 26th.

7. As of the result of the weather on or about April 26, 2016, the Lakehurst Apartments sustained significant and costly damage.

8. On or about the first of June, 2016, SELLC reported a claim to Peleus. Peleus opened the claim and assigned it Claim No. 11000. Peleus assigned the claim to

Jennifer Meade for handling. Jennifer Meade is employed as a Claims Manager for Strata Claims Management, a third-party claims administrator, with an office address of 8144 Walnut Hill Lane, Suite 1490, Dallas, Texas 75231.

9. Strata Claims Management hired Engle Martin and Associates to assist with the investigation of the claim. On or about June 9, 2016, Mr. Bobby Carter, for Engle Martin and Associates, inspected Lakehurst Apartments. Carter reported that he was unable to identify any storm related damage to the roofs and exterior that resulted from the reported hail storm event. Strata Claims Management then hired Engineering, Inc., to inspect and provide a report.

10. On June 10, 2016, Strata Claims Management sent a Reservation of Rights letter to SELLC.

11. On June 28, 2016, Engineering, Inc., at the request of Strata Claims Management, inspected Lakehurst Apartments.

12. On August 22, 2016, Strata Claims Management sent a letter to SELLC advising that the amount of damage related to the storm event fell below the property deductible of the Policy. Therefore, the claim was closed.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

13. The severe weather occurring on or about April 26, 2016 caused a covered loss to Lakehurst Apartments.

14. Peleus breached the subject insurance contract by determining the damage fell within the deductible of the Policy or by otherwise determining that no payment is owed to SELLC for the damage.

## SECOND CAUSE OF ACTION

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

15. Peleus is the insurer on the Lakehurst Apartments. In response to this claim, Peleus assigned adjusters, consultants, and agents to SELLC's file who were not employees of Peleus insurance. These persons were either unfamiliar with Peleus's practices for claims-handling, or these persons were not properly trained regarding best practices for claims-handling.

16. Peleus failed to perform a thorough investigation of the claim. Engle Martin, Peleus's first inspector, grossly missed significant storm-related damage and concluded that there was no storm-related damage to the roof and exterior of Lakehurst Apartments. Peleus's second inspector failed to account for all storm-related damage.

17. Peleus relied exclusively on Engle Martin and Engineering, Inc., in determining what amounts, if any, to pay on SELLC's claim and failed to perform its own adequate and non-delegable investigation.

18. SELLC was forced to hire its own contractor to identify damage, and such damages are far beyond what Peleus identified and far beyond the Policy deductible.

19. Peleus breached the implied covenant of good faith and fair dealing in the insurance contract, in accord with its routine practice for the handling of such claims, in the following respects:

   a. Failing and refusing payment and other Policy benefits on behalf of SELLC at a time when Peleus knew that SELLC was entitled to those benefits;

   b. Failing to properly investigate SELLC's claims and obtain additional information;

   c. Refusing to honor SELLC's claims in some instances for reasons contrary to the express provisions of the Policy and/or Oklahoma law;

   d. Refusing to honor SELLC's claims in some instances by applying restrictions not contained in the Policy;

   e. Refusing to honor SELLC's claims by knowingly misconstruing and misapplying provisions of the Policy;

   f. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under policies of insurance;

   g. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of SELLC's claims;

   h. Forcing SELLC, pursuant to its typical claims practice, to retain counsel in order to secure benefits Peleus knew were payable;

   i. Failing to properly evaluate any investigation that was performed;

   j. Refusing to consider the reasonable expectations of the insured;

 k. Failing and refusing to properly investigate and consider the insurance coverage promised to their insured; and,

 l. Issuing coverage and knowing that Peleus had insured the risk, knowing the nature of the risk and then refusing to honor the coverage they intended to issue.

20. As a direct result of Peleus's actions, SELLC has suffered loss and additional damages.

21. Peleus's conduct was reckless and intentional or wanton disregard of the rights of SELLC, and SELLC is entitled to recover punitive damages.

## THIRD CAUSE OF ACTION

### DECEPTIVE PRACTICES

22. SELLC is unaware at this time of specific communications and the identification of all persons involved in the communications between brokers and Peleus regarding placement of the insurance; however, one or more of these conversations resulted in the issuance of the Policy to SELLC. It was represented to SELLC that Peleus agreed to provide insurance coverage for Lakehurst Apartments. In fact, Peleus did, issue such insurance when it issued the Policy. Such insurance was a promise by Peleus to provide the coverage specified. Peleus wholly failed to disclose that their coverage for the Lakehurst Apartments was negated or compromised in any fashion because of the condition of the building.

23. Peleus, by and through its underwriters, satisfied themselves as to the nature and extent of the risk, and issued the insurance coverage, collected the premium, and maintained the insurance coverage for the apartments as promised to SELLC.

24. Peleus did not disclose any intention not to provide coverage for certain aspects of the apartments, nor did Peleus request or require any work, repair or other requirement prior to insuring the apartments. In these respects, Peleus indicated to SELLC that it was satisfied with the condition of the apartments and roof, their serviceability, etc., in order to issue the insurance coverage for the same and to collect money from SELLC in premium for such coverage.

25. The described representations were material and false and made with the intent that SELLC would rely upon them and pay Peleus money in the form of premium, and SELLC did rely upon them to its detriment.

26. These actions caused damage, loss of Policy coverage promised to them and other consequential damages, all of which are actionable under Oklahoma's Deceptive Trade Practices Act.

WHEREFORE, premises considered, SELLC prays for judgment against Peleus for its damages for all causes of action in an amount in excess of $75,000 for actual damages and an amount in excess of $75,000 for punitive damages. SELLC prays for any and all other relief the Court deems just, equitable, and proper, including, but not limited to, an award of attorneys' fees, interest, and costs.

Respectfully submitted,

_____
Clinton D. Whitworth, OBA No. 18875
Brandon P. Wilson, OBA No. 19599
WHITWORTH, WILSON & EVANS, PLLC
3847 South Boulevard, Suite 100
Edmond, OK  73013
405-415-4222	Telephone
405-415-4222	Facsimile
clint@wwefirm.com
brandon@wwefirm.com
*Attorneys for Plaintiff*

**Attorney's Lien Claimed**